THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CITY OF NEW YORK, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Taxation — when property held and used by a Young Men's Christian Association is exempt from it — R. S., pt. 1, chap. 13, tit. 1, sec. 4, sub. 3, as amended by chapter 397 of 1883 — 1852, chap. 282 — 1882, chap. 410, sec. 827.*

The plaintiff was incorporated under a special act for the purpose of improving the spiritual, mental and social condition of the young men of the city of New York by supporting and maintaining lectures, sermons, libraries, reading-rooms, social meetings, and such other meetings and services as might conduce to the accomplishment of this object. On or about July 10, 1884, the plaintiff commenced, and in October, 1885, completed, the erection of a building upon lots theretofore acquired by it, which was to be, and has since its

completion been, used exclusively as a place for holding public worship and religious and social meetings, and for imparting religious and secular instruction to young men; a library and lecture-room or large hall, a reading-room, bath-room and gymnasium being maintained in the building, and instructions being there given in penmanship, arithmetic, bookkeeping, mechanical, architectural and free-hand drawing and lectures on scientific, medical and practical subjects, and concerts and other entertainments being there given.

These advantages and privileges are offered to all young men of decent character upon becoming members of the association, and upon the payment of a membership fee, ranging from fifty cents to four dollars per year, which is applied to the payment of the current expenses of the institution; attendance at the religious meetings and on occasions of public worship being free to all.

*Held,* that the plaintiff was a religious society, within the meaning of that term as used in chapter 282 of 1852, and that its property was used for religious and school purposes in such a sense as to exempt it from taxation.   (BARTLETT, J., dissenting.)

*Hebrew Free School Association* v. *The Mayor of New York* (4 Hun, 446); *Association for Colored Orphans* v. *The Mayor* (38 id;, 594) followed.

An assessment was laid upon the property of the plaintiff on the second Monday of January, 1885, and the tax levied thereunder was confirmed on August seventeenth of that year.

*Held,* that as the property had been acquired, and the erection of the building commenced, before the assessment was made and the tax was confirmed, the tax was invalid and should be set aside as a cloud upon the title of the plaintiff.

*St. James' Church* v. *Mayor* (41 Hun, 309) followed.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury, directing a tax levied upon property of the plaintiff to be canceled and annulled, and restraining the defendant from enforcing the tax or the lien created thereby.

The plaintiff is a corporation existing under an act to incorporate the Young Men's Christian Association of the city of New York, passed April 3, 1866, and an act amending the same passed May 6, 1872. The objects of the corporation are declared by the acts aforesaid to be the improvement of the spiritual, mental and social condition of the young men of the city of New York, by the support and maintenance of lectures, sermons, libraries, reading rooms, social meetings and such other meetings and services as may conduce to the accomplishment of this object.   Prior to 1885, the plaintiff was, and still is, the exclusive owner in fee of two lots in the city of New York, known by the street Nos. 222 and 224 Bowery.

On or about the 10th of July, 1884, the plaintiff commenced

the erection of the building now covering both lots and known as the " Young Men's Institute " for the purpose and with the intent of putting the same to the uses and objects for which the same is now used. On the second Monday of January, 1885, the property was assessed for taxation for said year in the sum of $50,000, and on or about August 17, 1885, a tax of $1,200 thereon for said year was confirmed by the board of aldermen and constitutes a lien valid on its face, upon the property aforesaid.

The building in question was completed in October, 1885, after the confirmation of the tax, and thereupon the plaintiff commenced to use the same as a place for holding public worship and religious and social meetings, and for imparting religious and secular instruction to young men. In said building are maintained by the respondent, a library and lecture room or large hall, reading-room, bath room and gymnasium, and instruction is given in penmanship, arithmetic, bookkeeping, mechanical, architectual and free-hand drawing and lectures are given on scientific, medical and practical subjects, and concerts and other entertainments are held therein.

The court below found that the aforesaid advantages and privileges are open to all young men of decent character upon becoming members of said association, and upon the payment of a membership fee, ranging from fifty cents per year to four dollars per year, and that attendance at the religious meetings and occasions of public worship are free to all. Also, that from the time of the commencement of the erection of said building the respondent has derived no income, rent or profit from the said lots or building or any part thereof, other than the membership fees aforesaid, and that since the completion of said building the said premises have been *exclusively* used for the purposes above mentioned, and all the said membership fees have been applied to the current expenses of the institute. The court also found, among other things, as conclusions of law, that the respondent constitutes a religious society, and that the tax is invalid and void, and that the same constitutes a cloud upon the title of said property, and judgment was directed that said tax is illegal and void, and that the same be canceled and the defendant be restrained from enforcing the same. From this judgment an appeal was taken to this court.

*E. Henry Lacombe*, counsel to the corporation, and *George S. Coleman*, for the appellant.

*Hubbard Smith* and *Cephas Brainerd*, for the respondent.

LAWRENCE, J.:

It is provided by the Revised Statutes (as amended by chapter 397 of the laws of 1883, vol. 1, page 388, sec. 4. sub. 3), that the following, among other property, shall be exempt from taxation: "Every building erected for the use of a college, incorporated academy or other seminary of learning and in actual use for either of such purposes, *every building for public worship*, every school-house, court-house and jail used for either of such purposes and the several lots whereon such buildings so used are situated and the furniture belonging to each of them." Subdivision 4. "Every poor-house, alms-house, house of industry," etc. Subdivision 5. "The real and personal property of every public library. Chapter 282 of the Laws of 1852 provides: Section 1. "The exemption from taxation of every building for public worship, and every school house or other seminary of learning under the provisions of subdivision three of section four, title one, chapter thirteen, of part first of the Revised Statutes or amendments thereof, shall not apply to any such building or premises in the city of New York unless the same shall be exclusively used for such purposes and exclusively the property of a religious society, or of the New York public school society."

The question to be determined in this case is whether the plaintiff is to be deemed a religious society, and an examination of the cases heretofore decided under the statutes just referred to, would seem to show that that question must be answered in the affirmative. In the case of the *Hebrew Free School Association* v. *The Mayor of New York* (4 Hun, 446) it appears that the plaintiff was incorporated under the act for the incorporation of benevolent, charitable, scientific and missionary societies, passed April 12th, 1848, and the acts amendatory thereto. That the purpose of said corporation was to provide for the gratuitous instruction of Jewish youth in the Hebrew religion, *and other branches of knowledge*, and to promote the study of Hebrew literature. In that case Presiding Justice DAVIS in delivering the opinion of the court, said,

"but we think the words 'a religious society,' used in the act of 1852, were not intended to be used in the limited signification of church incorporations or bodies organized *for the mere purpose of establishing church societies,* as provided by the act of 1813 and its amendments. It is true that the act of 1848 was not intended for the organization of religious societies, in the sense of incorporated churches; but in the more general sense, we see no reason why a body like the plaintiff may not be deemed a religious society, and as such, *the exclusive owner of property* devoted to a school for religious *and other instruction.*" (See, also, *Association for Colored Orphans* v. *The Mayor*, etc., 38 Hun, 594.) In the latter case it was held that it was not intended by chapter 282 of the Laws of 1852, or section 827 of chapter 410 of the Laws of 1882, providing that the exemption from taxation of buildings used for the purposes therein specified, should not apply to any building or premises in the city of New York, unless the same shall be *exclusively* used for such purposes, and exclusively the property of a religious society, to limit the exemption to such property as is owned by a religious society, but it was intended thereby to give the exemption to such building or premises as should be exclusively devoted to one or the other of the purposes therein specified, whether the property was owned by a religious corporation or not. It is said, however, in this case, that the property in question was not used exclusively for religious purposes, that the public worship and religious exercises of the institute only consist of a Bible class, Bible talk, and gospel meetings held every Sunday, while the institute is mainly devoted to physical, intellectual and social improvement for a consideration. We think, however, that the uses to which the property is put may fairly be said, under the decisions above quoted, to be both for religious and school purposes, in such a sense as to entitle it to exemption from taxation. It is further said that the property was not in actual use for the purposes for which it had been acquired, until after the tax for 1885 had been confirmed. This is true, but the property had been acquired and the erection of the building begun before the assessment and before the confirmation of the tax. This brings the case within the decision of the General Term of this department in *St. James Church* v. *Mayor*, etc., *of New York* (41 Hun, 309).

We are, therefore, of the opinion that the evidence supports the findings of fact and conclusions of law of the Special Term, and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

BARTLETT, J. (dissenting):

I am unable to concur with the majority of the court in the conclusion that the respondent's premises are used both for religious and school purposes in such a sense as to entitle them to exemption from taxation. The statute requires an exclusive use of the building in such a case as this, for religious purposes, or as a school-house, or other seminary of learning. (Laws of 1852, chap. 282.) I do not think the Bowery branch of the Young Men's Christian Association is either a school-house or seminary of learning in the statutory sense; nor does it seem to me that an exclusive use for religious purposes is made out by showing that there are religious exercises there every Sunday and prayer meetings on Thursday, when it also appears that the building is chiefly devoted to the physical, intellectual and social improvement, mainly by secular means, of the young men who become members of the association.

Judgment affirmed with costs.